## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY J. LEHR and<br>ARLETTA R. LEHR,<br>on behalf of themselves<br>and all others similarly situated,<br><br>      PLAINTIFFS,<br><br>vs.<br><br>AEGIS AUTO FINANCE, INC.,<br>DIANE LEE, and<br>FRANK A. WEBSTER,<br><br>      DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Judge Sarah Evans Barker<br>)<br>)  Magistrate Judge V. Sue Shields<br>)<br>)  Case Number: 1:04-CV-01425-SEB-VSS |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AGREEMENT

This cause came before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the Court being fully advised in the premises,

THE COURT HEREBY FINDS THAT:

**1.** The parties have entered into a Class Action Settlement Agreement ("Agreement") filed May 2, 2005.

**2.** The Agreement was submitted to the Court for approval pursuant to Fed. R. Civ. P. 23 on __May 2, 2005__, 2005.

**3.** This Court granted preliminary approval on __May 3, 2005__, 2005, and certified a class consisting of:

> (1) all persons with Indiana addresses; (2) to whom Mr. Webster sent a dunning letter which used the term "vs." anywhere in said letter before a lawsuit had actually been filed; (3) between August 31, 2003 and August 30, 2004; and (4) in an attempt to collect a consumer debt.

Pursuant to the Agreement, within fifteen (15) days from the entry of the preliminary approval order, notice was given to the members of the Class by first class mail which permitted the provision of address correction information by the Postal Service at the last known address as provided and attested to by Mr. Webster

**4.** No objections were received and no members of the Class sought leave of this Court to intervene.

**5.** Plaintiffs brought this action on behalf of themselves and all others similarly situated against Mr. Webster for misrepresenting to the Plaintiffs the legal status of an alleged debt. Plaintiffs also sued Mr. Webster for misrepresenting the amount of attorney's fees he was lawfully entitled to collect, attorney deceit, and statutory deception. Plaintiffs sued Ms. Lee and Mr. Webster for Ms. Lee's use of false representations in an attempt to collect a debt. Specifically, she failed to fully disclose her title as a legal assistant/paralegal. Plaintiffs also sued Mr. Webster for filing Aegis' state court action after the expiration of the statute of limitations and for filing said state court action in Allen County in the wrong jurisdiction. Defendants have denied the allegations contained in Plaintiffs' Complaint and have raised multiple defenses.

**6.** Defendants have denied any wrongdoing with respect to these allegations. Defendants deny any liability to Plaintiffs or the class. Nevertheless, Defendants consider it desirable that the action and the claims alleged therein be settled upon the terms and conditions set forth in the Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims that have been asserted by the Plaintiffs

and the Class.

**7.** The Complaint sought recovery of statutory damages pursuant to 15 U.S.C. § 1692k. Under 15 U.S.C. § 1692k, the maximum statutory damages recoverable by an individual Plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendants' net worth or $500,000.00. Defendants have stipulated to pay statutory damages to the class in the amount of $7,000, which is approximately 1% of Mr. Webster's net worth.

**8.** The Agreement calls for the payment of $7,000 to the class, which will be distributed equally to those class members: (i) who do not opt out of the class settlement; and (ii) whose Notice Of Class Action Settlement is not returned as undeliverable ("participating class member"). Each participating class member shall receive payment by check of his or her *pro rata* portion of the settlement fund. In addition to the class recovery, Mr. Webster also agreed to pay $1,500 to Mr. Lehr and $1,500 to Mrs. Lehr for statutory damages and for their service as class representative. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others:

   **a.**   The individual Plaintiffs and the Class are not guaranteed to be successful at a trial in this matter; and,

   **b.**   Defendants have represented that they have ceased using the practices complained of and the form letter at issue.

**9.** The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and preliminarily finds that the terms of the Agreement are fair, reasonable and adequate to Plaintiffs and all members of the Class. In addition to the other facts stated herein, the Court finds the Agreement to be particularly fair, adequate and reasonable in light of the risk and the expense of further litigation.

**10.**   The Agreement also calls for payment of the reasonable attorneys' fees and expenses, of Class Counsel, in the amount of $9,000.  Mr. Webster has also agreed to pay $1,200 to attorney Thomas Burke for his services in this matter.  As the Class size has been represented to be less than 50 persons, Class counsel will pay the costs associated with Class notification and distribution.  The Court finds these amounts to be reasonable.

**11.**   The Settlement Amount shall be distributed as set forth in the Agreement.

**IT IS HEREBY ORDERED THAT:**

**1.**   The Settlement Agreement dated as of May 2      2005 is hereby approved.

**2.**   Plaintiffs and each class member not opting out shall, as of the effective date, be deemed to have released and forever discharged Defendants, their heirs, administrators, executors, shareholders, directors, officers, partners, employees, representatives, agents, attorneys, successors and assigns from all causes of action, suits, claims, and demands, including any indemnity claims for payment of attorney's fees and costs, whatsoever, at law or in equity, known or unknown, which Plaintiffs and each class member may now have or may have ever had against Defendants arising out of or relating to the claims that were asserted in the Court Action or could have been asserted or alleged in the Court Action and this lawsuit against the Defendants by the Plaintiffs and each class member.

**3.**   This action is hereby dismissed *with prejudice*.

**4.**   This Court shall retain jurisdiction over any disputes regarding the settlement in this matter for a period of ninety (90) days from the date of this Order.

So Ordered: 07/07/2005

By

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**DISTRIBUTION:**

Clifford W. Shepard
Attorney at Law
2325 West Washington Street
Indianapolis, Indiana 46222-4256
Telephone: (317) 916-8000
Facsimile: (317) 916-8001
E-Mail: *ConsProLaw@aol.com*
Attorney for Plaintiffs and putative class.

Peter A. Velde
KIGHTLINGER & GRAY, LLP
151 North Delaware, Suite 600
Indianapolis, Indiana 46204
Telephone: (317) 638-4521
Facsimile: (317) 636-5917
E-Mail: *Pvelde@k-glaw.com*
Attorney for Frank A. Webster and Diane Lee.

Mr. Thomas Burke
Attorney at Law
410 West 9th Street
Anderson, Indiana 46016-1318